IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY G.,[1]                                              No. 3:19-cv-00979-HZ

                    Plaintiff,                            OPINION & ORDER

        v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

                    Defendant.

Kevin Kerr
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293

        Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 – OPINION & ORDER

Leisa A. Wolf
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Larry G. brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income ("SSI"). The Commissioner moves to dismiss this case, arguing that Plaintiff failed to timely file this civil action. Because Plaintiff failed to file this case within the statutory deadline, the Court grants the Commissioner's Motion to Dismiss.

## BACKGROUND

      On May 3, 2018, an Administrative Law Judge (ALJ) denied Plaintiff's claim for SSI benefits. Voegele Decl. ¶ 3(a), Ex. 1, ECF 15-1. Plaintiff sought review by the Appeals Council. *Id.* On April 17, 2019, the Appeals Council denied Plaintiff's request for review and advised Plaintiff that he had 60 days from the date he received the notice to commence a civil action in this Court. *Id.* at ¶ 3(a), Ex. 2 at 1–3. The letter also advised Plaintiff that the Commissioner would assume Plaintiff received the notice within five days of the date of the notice unless otherwise demonstrated by Plaintiff. *Id.* at Ex. 2 at 2. Plaintiff filed his pro se Complaint on Monday, June 24, 2019. Compl., ECF 1.

## DISCUSSION

      The Commissioner moves to dismiss this case, arguing that Plaintiff did not timely file his complaint seeking review of the Commissioner's final decision. Def. Mot. Dismiss. ("Def. Mot."), ECF 15. Judicial review of final decisions of Disability Insurance Benefits and SSI claims is provided for under 42 U.S.C. § 405(g)–(h) of the Social Security Act. This is the

exclusive remedy for these claims. *Id.* at (h); *see also Heckler v. Ringer*, 466 U.S. 602 (1984). Under § 405(g) of the Act, a claimant must commence his civil action within 60 days of the mailing of the notice of decision or "within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Pursuant the applicable regulations, a plaintiff has 60 days from the date of *receipt* of the Appeals Council's notice of denial to file a civil action in federal court. 20 C.F.R. §§ 404.981, 422.210(a), (c). The date of receipt is presumed to be five days from the date of the notice unless there is a showing to the contrary. *Id.* at § 422.210(c). The Appeals Council may also extend the filing period for good cause shown upon written request from the claimant. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

Plaintiff does not dispute that his appeal was not timely filed. Rather, Plaintiff opposes Defendant's motion by arguing: (1) there is an independent constitutional basis for jurisdiction over this matter, namely that Plaintiff was not granted a hearing before a duly appointed officer of the United States as required under the Appointments Clause; and (2) good cause exists for missing the filing deadline. Pl. Resp. Def. Mot. ("Pl. Resp."), ECF 17. The Court addresses each argument in turn.

## I.    Duly Appointed Officer of the United States

Plaintiff first argues that his case is timely because he brings a constitutional challenge to the Commissioner's decision. Citing the Supreme Court's decision in *Lucia v. Securities & Exchange Commission*, 138 S.Ct. 2044 (2018), Plaintiff argues that he was not granted a hearing before a duly appointed officer of the United States because the ALJ who conducted his hearing was not properly appointed under the Appointments Clause of the United States Constitution. Pl. Resp. 2–3. Plaintiff asserts that this claim amounts to a "colorable constitutional claim of due process violation" and is thus exempt from the requirements of § 405(g). *Id.* at 3 (citing *Evans v.*

*Chater*, 110 F.3d 1480, 1483 (9th Cir 1997) (finding an exception to § 405(g)'s finality requirement where a plaintiff brings "any colorable constitutional claim of due process violation that 'implicates a due process right to a meaningful opportunity to be heard'" (brackets omitted))).

In *Lucia*, the Supreme Court held that the Security and Exchange Commission's selection of ALJs violated the Appointments Clause in Article II of the United States Constitution. 138 S.Ct. at 2049. Because the Commission's ALJs were "Officers of the United States," the Court held that the exclusive means of appointing the ALJs was by the President, a court of law, or the head of a department. *Id.* at 2051. As none of these actors had appointed the ALJ involved in the plaintiff's underlying administrative hearing, the Court held that the hearing was "tainted with an appointments violation" and the plaintiff was entitled to a new hearing before a properly appointed official. *Id.* at 2055.

In response to *Lucia*, the Commissioner of the Social Security Administration ratified the appointment of the agency's ALJs, thus resolving any Appointments Clause questions involving Social Security claims. Emergency Message 18003 REV 2. Soon after, the agency issued SSR 19-1p, which laid out the effects of *Lucia* on cases pending at the Appeals Council. 2019 WL 1324866 (March 15, 2019). Under SSR 19-1p, "some claimants [were] entitled to additional administrative review of their claims" in order to address the issues raised by the Court in *Lucia*. *Id.* at *2. For claims pending in front of the Appeals Council that were decided by an ALJ and included an Appointments Clause challenge to that ALJ's authority, the Appeals Council was to either remand the claim for a new hearing with a new ALJ or issue its own decision. *Id.* at *3–4.

As a preliminary matter, the Court notes that Plaintiff has forfeited his Appointments Clause claim. "Appointments Clause challenges are nonjursidictional and can be forfeited if they

are not timely asserted." *See Rebecca Lou Younger v. Comm'r, Soc. Sec. Admin.*, No. CV-19-02975-PHX-MHB, 2020 WL 57814, at *5 (D. Ariz. Jan. 6, 2020). "While the Ninth Circuit has not directly spoken on the issue of preserving challenges under *Lucia* in the social security context, it has confirmed the general proposition that a social security claimant must exhaust issues before the ALJ to preserve judicial review." *Camilli v. Berryhill*, No. 18-cv-06322-JSC, 2019 WL 3412921, at *13 (N.D. Cal. July 29, 2019) (citing *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017)). Following this reasoning, numerous district courts in this circuit have concluded that a plaintiff forfeits an Appointments Clause challenge by failing to raise it during the administrative proceedings. *See Younger*, 2020 WL 57814, at *5; *James A. v. Saul*, No. 19-CV-00104-TSH, 2019 WL 4600940, at *15 (N.D. Cal. Sept. 23, 2019); *Delores A. v. Berryhill*, No. ED CV 17-254-SP, 2019 WL 1330314, at *10–11 (C.D. Cal. Mar. 25, 2019); *Byrd v. Berryhill*, No. 1:17-cv-01619-SKO, 2019 WL 95461, at *6 n.10 (E.D. Cal. Jan. 3, 2019). Because his administrative hearing pre-dated the Commissioner's ratification of the agency's ALJs, Plaintiff could have a viable Appointment Clause claim. Plaintiff, however, appears to have forfeited this claim: he makes no argument and presents no evidence to demonstrate that he made a timely challenge to the constitutional validity of the appointment of the ALJ in this case.

Instead, Plaintiff largely avoids the issue of forfeiture, focusing instead on his argument that a violation of the Appointments Clause amounts to a denial of due process.[2] However, Plaintiff cites no legal support for this argument. Indeed, the case law suggests that Appointments Clause claims are distinct structural constitutional issues that are nonjursdictional and forfeitable. *See e.g. Freytag v. Comm'r*, 501 U.S. 868, 818–79 (1991) (recognizing that

---

[2] The Court also notes that Plaintiff makes no mention of this due process claim in his pro se complaint. Compl., ECF 1. Instead, Plaintiff's complaint seeks review of the final decision of the Commissioner, asserting § 405(g) as this Court's basis for jurisdiction over this case. *Id.*

Appointments Clause objections are nonjursidictional); *Kabani & Co., Inc. v. U.S. Sec. & Exch. Comm'n*, 733 F. App'x 918, 919 (9th Cir. 2018) ("[P]etitioners forfeited their Appointments Clause claim by failing to raise it in their briefs or before the agency."); *see also Lucia*, 138 S.Ct. at 2055 (finding an Appointments Clause challenge timely where the plaintiff contested the validity of the appointment at the administrative level); *Freytag*, 501 U.S. at 893–94 (Scalia, J., concurring in part and concurring in the judgment) ("Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial."). Accordingly, Plaintiff's case is not exempt from the 60-day period applicable to Social Security claims under § 405(g).

## II.    Good Cause

Alternatively, Plaintiff argues that the "deadline set by 42 U.S.C. § 405(g) is not absolute, and can be extended for good cause." Pl. Resp. 3. Section 405(g) provides that a civil action seeking review of a final decision of the Commissioner of Social Security must be commenced within 60 days after the mailing of the notice of said decision to the claimant. Because the 60-day statute of limitations is a condition imposed by Congress as part of a waiver of sovereign immunity, "exceptions to the timing requirement of this section 'are not to be lightly implied.'" *Del Rosario v. Berryhill*, No. 18-CV-07197-DMR, 2019 WL 5067011, at *4 (N.D. Cal. Oct. 9, 2019) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) and *Block v. N. Dakota ex rel. Bd. Of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983)). This section, therefore, "has been strictly construed to permit extensions of time only by the Commissioner pursuant to 20 C.F.R. §§ 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the

agency's judgment is inappropriate." *Williamson v. Saul*, No. 218CV02304KJMCKD, 2019 WL 5721660, at *3–4 (E.D. Cal. Nov. 5, 2019).

"Equitable tolling permits a court to pause a statutory time limit 'when a litigant has pursued his rights diligently, but some extraordinary circumstance prevents him from bringing a timely action.'" *Martinez v. Berryhill*, No. EDCV172026JLSMRW, 2019 WL 3064110, at *1 (C.D. Cal. Apr. 25, 2019) (citing *California Pub. Emps. Ret. Sys. v. ANZ Sec., Inc*., 137 S.Ct. 2042, 2050–51 (2017)). For example, a plaintiff may be entitled to equitable tolling where he has "been induced or tricked by his adversary's misconduct in allowing the filing deadline to pass." *Del Rosario*, 2019 WL 5067011, at *5 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Bowen*, 476 U.S. at 481 (finding tolling appropriate where "the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights"). Similarly, incapacity due to a mental impairment may warrant equitable tolling where the "mental illness is severe and the mental illness or condition caused the plaintiff to file in an untimely manner." *Cromer v. Berryhill*, No. 217CV00304RAJTLF, 2017 WL 10701821, at *2– 3 (W.D. Wash. Nov. 3, 2017), report and recommendation adopted, No. 217CV00304RAJTLF, 2017 WL 10701820 (W.D. Wash. Dec. 20, 2017). But "[o]nly in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations" under § 405(g). *Burke v. Berryhill*, 706 F. App'x 381, 382 (9th Cir. Dec. 13, 2017) (citing *Bowen*, 476 U.S. at 480–81).

Plaintiff has not demonstrated that the extraordinary circumstances required for equitable tolling exist in this case.[3] Plaintiff does not suggest that the Commissioner mislead him or tricked

---

[3] Indeed, Plaintiff has made no argument as to the application of equitable tolling to the circumstances of this case. Instead, Plaintiff argues that there is an issue of fact as to whether good cause exists to extend the filing deadline. Pl. Resp. 4. But good cause is the standard the Commissioner applies in considering whether to extend the statutory deadline, not the standard applied by the Court. *See* 20 C.F.R. §§ 404.911, 416.1411 ("Good cause for missing the deadline

him into allowing the filing deadline to pass. Rather, the record shows that he was informed of

the deadline for his appeal at least twice. The Appeals Council sent Plaintiff a letter dated April

17, 2019, informing Plaintiff that it was denying his request for review and that Plaintiff had 65

days to file his civil action. Compl. Att. 1 at 5, ECF 1-1. Plaintiff's former attorney also sent

Plaintiff a notice dated May 29, 2019, informing Plaintiff of the Appeals Council decision and

stating—in bold type—that Plaintiff's "appeal [was] due no later than June 21, 2019." Compl.

Att. 1 at 1, ECF 1-1.

Although Plaintiff may have some cognitive limitations,[4] Plaintiff has not demonstrated

that a severe mental condition caused him to miss the filing deadline. Instead, Plaintiff asserts

that "the filing of a civil action is a relatively complex process that would inherently strain the

capabilities of a person" with Plaintiff's cognitive ability. Pl. Resp. 4. But Plaintiff provides no

further detail as to what his specific limitations are or how they caused him to miss the filing

deadline. *Cf. Cromer*, 2017 WL 10701821, at *2–3 (applying equitable tolling where the plaintiff

submitted a letter from her therapist evidencing her severe mental health conditions and made

concerted efforts to seek an extension from the Appeals Council in order to find new legal

counsel to file her complaint). Thus, the Court finds that Plaintiff has not demonstrated

extraordinary circumstances sufficient to warrant equitable tolling of the filing deadline in this

---

to request review."). Here, there is no evidence that Plaintiff sought an extension from the
Appeals Council. *See* Voegele Decl. ¶ 3(b) (noting that the declarant was unaware of "any
request for an extension of time to file a civil action"). Rather, Plaintiff speculates that given the
circumstances of this case—that Plaintiff filed the case one business day late and has a cognitive
condition which limits Plaintiff's ability to do things for himself—"an extension of his appeal
rights would likely have been granted if requested." Pl. Resp. 4–5.

[4] The basis for Plaintiff's assertion that he has cognitive limitations is the ALJ's finding in his
hearing decision that Plaintiff is limited to "'simple 1-2 step instructions' and 'simple, routine 1-
2 step tasks for a normal workday and workweek with normal breaks.'" Pl. Resp. 4 (quoting Pl.
Resp. Att. 1 at 10, ECF 17-1).

case. Though Plaintiff filed this civil action only one business day outside of the statutory period, this case must be dismissed. *See Del Rosario*, 2019 WL 5067011, at *4 ("Courts have dismissed cases filed only days after the expiration of the statute of limitations.").

## CONCLUSION

The Commissioner's Motion to Dismiss [15] is GRANTED. This case is dismissed with prejudice.

IT IS SO ORDERED.


DATED:_____ May 22, 2020_____



_Marco Hernandez_____
MARCO A. HERNÁNDEZ
United States District Judge